FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

AUG 1 1 2006

MARKUS B. ZIMMER, CLERK
DEPUTY CLERK

Mark Shurtleff, Utah Bar # 4666
UTAH ATTORNEY GENERAL
Scott W. Reed, Utah Bar # 4124
Assistant Attorney General

Office of the Attorney General
PO Box 140872
Salt Lake City, Utah 84114-0872
Telephone: (801) 366-0310
Facsimile: (801) 366-0315

Attorneys for Defendant
R. Wayne Klein in his official capacity as Director, Utah Division of Securities, Utah Department of Commerce

Henry F. Minnerop, *pro hac application pending*
Carter G. Phillips, *pro hac application pending*
Dennis C. Hensley, *pro hac application pending*
Mark D. Hopson, *pro hac application pending*
Jay T. Jorgensen, Utah Bar #8216
Kevin J. Campion, *pro hac application pending*
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8020
Facsimile: (202) 736-8711
Email: jjorgensen@sidley.com

David J. Jordan, Utah Bar #1751
David L Mortensen, Utah Bar #8242
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Facsimile: (801) 578-6999
Email: djjordan@stoel.com

Attorneys for Plaintiff
Securities Industry Association

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SECURITIES INDUSTRY ASSOCIATION, a New York-Based Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>R. WAYNE KLEIN, an individual, in his official capacity as Director, Utah Division of Securities, Utah Department of Commerce,<br><br>Defendant. | **STIPULATED MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No. 2:06cv00624 TC<br><br>Judge Tena Campbell |

Plaintiff the Securities Industry Association ("SIA") and defendant R. Wayne Klein ("Klein") in his official capacity as Director, Utah Division of Securities (the "Division"), Utah Department of Commerce, by and through their undersigned counsel of record, hereby stipulate and agree:

1. In its 2006 Third Special Session, the Utah Legislature enacted Senate Bill No. 3004, 2006 Utah Laws 3rd Sp. Sess. Ch. 4 (S.B. 3004) (the "Amendments") which modified the Utah Uniform Securities Act (the "Act") codified at Utah Code Annotated § 61-1-1 through 30. Among other things, the Amendments introduced new regulation of securities transactions by imposing certain securities recordkeeping and reporting requirements on broker-dealers.

2. The Amendments require that broker-dealers (as defined by Utah Code Ann. § 61-1-13(1)(c)(i); 15 U.S.C. § 78c(a)(4) and (a)(5)), including securities brokerage firms registered with the Securities and Exchange Commission ("SEC"), gather and report to the Division specified information whenever (a) the broker-dealer effects a sale or purchase of a "threshold security" (as defined in SEC Regulation SHO); (b) the issuer of the threshold security is either domiciled or has its principal office in Utah; and (3) the trade fails to settle within its normal settlement cycle (usually three business days after the date of the trade) (a "Settlement Failure"). To "settle" a trade refers to the completion of the transaction, whereby the funds and securities are exchanged between the buyer's and seller's brokers (*i.e.*, the contracting counter-parties) through a clearinghouse.

3. Where the Amendments apply, broker-dealers must notify the Division of: (i) the name of the issuer whose shares were the subject of the Settlement Failure; (ii) the date of the

trade that failed to settle; (iii) the amount of the shares not delivered to settle the trade; and (iv) in the case of a selling broker-dealer, the identity of the broker-dealer's customer account or broker-dealer's own account for which the sale was executed; or (v) in the case of a broker-dealer purchasing the securities, the identity of the person who failed to deliver the security in settlement of the trade. In turn, the Division will make that information public.

4 The Amendments impose financial penalties on any broker-dealer that does not comply with the Amendments' requirement to report the information described above and provides a private right of action to bring suit against a broker-dealer that fails to comply with the Amendments' obligation to report to the Division. Defendant Klein, in his official capacity as Director of the Division, is responsible for administration and enforcement of the Act, including the receipt of the reports that the Amendments require. *See* Utah Code Ann. § 61-1-18.

5. The Amendments went into effect on May 26, 2006, upon signature of the governor. Unless enjoined, the aforementioned reporting requirements and non-compliance sanctions will take effect on October 1, 2006.

6. The State of Utah asserts that the Amendments were narrowly crafted to build on requirements of SEC Regulation SHO and reduce conflicts with federal requirements. The SEC has recently proposed amendments to its Regulation SHO, which may obviate the need for the Amendments. Both Plaintiff SIA and Defendant Klein intend to submit comments to the SEC relating to the issues addressed by the Amendments.

7. On July 28, 2006, SIA filed a complaint (the "Complaint") seeking, among other things, a declaration that the Amendments are preempted by federal law. The Complaint

requested a preliminary and permanent injunction prohibiting Klein from implementing or enforcing the Amendments in any way. *See* Complaint at 28. In support of its claim for a preliminary injunction, SIA alleged that, absent a preliminary injunction, its members will be forced to incur substantial costs in making the changes to their electronic information systems that would be necessary in order to collect and report the information required by the Amendments, and that efforts to change their systems before October 1, 2006 may cause disruption in the securities markets. In connection with this stipulation and pursuant to Rule 15 of the Federal Rules of Civil Procedure, SIA hereby amends its complaint (1) to remove Count II: Commerce Clause (U.S. Const. Art. I, § 8, CL. 3) and Count IV: 42 U.S.C. § 1983 (Commerce Clause); and (2) to limit the basis for its preemption claims in Counts I and III to the National Securities Markets Improvement Act of 1996 ("NSMIA"), Pub. L. No. 104-290, 110 Stat. 3416. Defendant hereby consents to these amendments and further stipulates and agrees that SIA may further amend its complaint to reassert the claims and bases removed by this amendment and add any additional claims at any time prior to July 1, 2007.

8. In order to allow the parties and the Court the time necessary to address the merits of SIA's claims, to allow the parties to participate in the SEC's ongoing rulemaking relating to Regulation SHO, and to address SIA's allegations of financial harm and potential disruption to the securities markets, the parties desire and hereby stipulate to the entry of an preliminary injunction delaying implementation and enforcement of the Amendments until June 1, 2007. This jointly-proposed injunction would postpone the Amendments' requirement at Utah Code Ann. § 61-1-5(2)(d) that broker-dealers report the above-described information to the Division.

In the absence of a requirement to report information to the Division, the Amendments' penalty clauses and private right of action will not be triggered by any broker-dealer's failure to report.

Now therefore, based on the foregoing stipulation, the parties jointly move the Court for entry of an Order and Preliminary Injunction, in the form attached hereto as Exhibit 1, preliminarily enjoining implementation and enforcement of the Amendments until June 1, 2007 and an Order permitting amendment of the Complaint in conformity with paragraph 7 of the Stipulated Motion, in accordance with Rule 15(a) of the Federal Rules of Civil Procedure. The parties agree that neither party should be required to post security as a condition of this preliminary injunction. The parties also agree that this stipulation is not and shall not in any way be construed as an admission or denial of any alleged fact, legal claim, or defense relating to SIA's Complaint.

Dated: August 9, 2006

Respectfully submitted,

Mark Shurtleff, Utah Bar # 4666
Utah Attorney General
Scott W. Reed, Utah Bar # 4124
Assistant Attorney General

Attorneys for Defendant R. Wayne Klein in his official capacity as Director, Utah Division of Securities, Utah Department of Commerce

Dated: August 9, 2006

Respectfully submitted,

Henry F. Minnerop, *pro hac application pending*
Carter G. Phillips, *pro hac application pending*
Dennis C. Hensley, *pro hac application pending*
Mark D. Hopson, *pro hac application pending*
Jay T. Jorgensen, Utah Bar #8216
Kevin J. Campion, *pro hac application pending*
SIDLEY AUSTIN LLP

David J. Jordan, Utah Bar #1751
David L Mortensen, Utah Bar #8242
STOEL RIVES LLP

Attorneys for Plaintiff
Securities Industry Association