FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG 1 1 2006

MARKUS B. ZIMMER, CLERK

Mark Shurtleff, Utah Bar # 4666
UTAH ATTORNEY GENERAL
Scott W. Reed, Utah Bar #4124
Assistant Attorney General

Office of the Attorney General
PO Box 140872
Salt Lake City, Utah 84114-0872
Telephone: (801) 366-0310
Facsimile: (801) 366-0315

Attorneys for Defendant
R. Wayne Klein in his official
capacity as Director, Utah Division of
Securities, Utah Department of
Commerce

Henry F. Minnerop, *pro hac application pending*
Carter G. Phillips, *pro hac application pending*
Dennis C. Hensley, *pro hac application pending*
Mark D. Hopson, *pro hac application pending*
Jay T. Jorgensen, Utah Bar #8216
Kevin J. Campion, *pro hac application pending*
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8020
Facsimile: (202) 736-8711
Email: jjorgensen@sidley.com

David J. Jordan, Utah Bar #1751
David L Mortensen, Utah Bar #8242
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Facsimile: (801) 578-6999
Email: djjordan@stoel.com

Attorneys for Plaintiff
Securities Industry Association

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES INDUSTRY ASSOCIATION, a New York-Based Non-Profit Corporation<br><br>Plaintiff,<br><br>v.<br><br>R. WAYNE KLEIN, an individual, in his official capacity as Director, Utah Division of Securities, Utah Department of Commerce,<br><br>Defendant. | **PRELIMINARY INJUNCTION ENJOINING IMPLEMENTATION, ENFORCEMENT AND EFFECTIVENESS OF UTAH SENATE BILL NO. 3004**<br><br>Case No. 2:06cv00624 TC<br><br>Judge Tena Campbell |

This matter comes before the Court on the parties' Stipulated Motion for Preliminary Injunction, whereby the parties seek an Order preliminarily enjoining implementation and enforcement of Utah Senate Bill No. 3004, 2006 Utah Laws 3rd Sp. Sess. Ch. 4 (S.B. 3004), (the "Amendments") which modified the Utah Uniform Securities Act codified at Utah Code Annotated §§ 61-1-1 through 30 (the "Act"), and an Order permitting amendment of the Complaint. The Court having considered the materials submitted, and having determined that good cause appears for the entry of a preliminary injunction, hereby ORDERS, ADJUDGES AND DECREES AS FOLLOWS:

1. The Amendments became effective on May 26, 2006, and the record keeping and reporting requirements and sanction provisions will take effect on October 1, 2006.

2. Once effective, those various recordkeeping and reporting requirements require that, in specified situations, broker-dealers (as defined by Utah Code Ann. § 61-1-13(1)(c)(i); 15 U.S.C. § 78c(a)(4) and (a)(5)) ("broker-dealers")) gather and report certain information whenever (i) the broker-dealer effects a sale or purchase of a "threshold security" (as defined in Securities and Exchange Commission Regulation SHO); (ii) the issuer of the threshold security is either domiciled or has its principal office in Utah; and (iii) the trade fails to settle within its normal settlement cycle ("Settlement Failure"). When that situation occurs, broker-dealers are required to provide the following information to the Utah Division of Securities (the "Division"): (i) the name of the issuer whose shares were the subject of the Settlement Failure; (ii) the date of the trade that failed to settle; (iii) the amount of the shares not delivered to settle the trade; and (iv) in the case of a selling broker-dealer, the identity of the broker-dealer's customer account or broker-dealer's own account for which the sale was executed; or (v) in the

case of a broker-dealer purchasing the securities, the identity of the person that failed to deliver the security in settlement of the trade.

3. The Amendments would impose financial penalties on any broker-dealer that does not comply with its requirements and provides a private right of action to bring suit against a broker-dealer that fails to comply with the Amendments. Defendant Klein, in his official capacity as Director of the Division, is responsible for administration and enforcement of the Act, including the receipt of the reports that the Amendments require.

4. The implementation and enforcement of the Amendments are hereby preliminarily enjoined. Klein and his agents, employees, and attorneys, together with all persons in active concert or participation with them, are hereby restrained and enjoined from enforcing and/or putting into effect, in any way, the requirements of the Amendments now codified at Utah Code Ann. § 61-1-5(2)(d), including collecting and/or publishing any of the information that broker-dealers otherwise would be required to report pursuant to the Amendments. Until the expiration or revocation of this Order, SIA, its members and other broker-dealers regulated by the Act are relieved of the obligations imposed by the Amendments, including the requirement to make the above-described reports to the Division.

5. In the absence of a requirement to report information to the Division, the Amendments' penalty clauses and private right of action (which are triggered by a failure to comply with the Amendments' obligation to report) are also enjoined. The Amendments shall have no force or effect whatsoever and shall not be enforced against SIA, its members or any other person or entity, by Klein or any other party, person or entity, whether private or public for the duration of this Order.

6. Pursuant to Federal Rules of Civil Procedure Rule 15(a), and based upon the parties' stipulated motion, the Complaint is amended to remove Counts II and IV and to limit the basis for SIA's preemption claims in Counts I and III to the National Securities Markets Improvement Act of 1996. The Court grants SIA leave to further amend its Complaint to reassert the claims and bases removed by this Order, and to add any additional claims, at any time prior to July 1, 2007.

7. Neither party shall be required to post security as a condition of this preliminary injunction.

8. Unless extended by order of the Court, this preliminary injunction shall automatically expire without notice and be of no further force or effect at 12:01 a.m. (Mountain Daylight Time) on June 1, 2007.

IT IS SO ORDERED.

DATED this __11__ day of August 2006.

_____
The Honorable Tena Campbell
United States District Court Judge

APPROVED AS TO FORM:

_____
Mark Shurtleff, Utah Bar # 4666
Scott W. Reed # 4124
Utah Attorney General
Scott W. Reed, Utah Bar # 4124
Assistant Attorney General

Attorneys for Defendant R. Wayne Klein in his
official capacity as Director, Utah Division of
Securities, Utah Department of Commerce


_____
Henry R. Minnerop, *pro hac application pending*
Carter G. Phillips, *pro hac application pending*
Dennis C. Hensley, *pro hac application pending*
Mark D. Hopson, *pro hac application pending*
Jay T. Jorgensen, Utah Bar #8216
Kevin J. Campion, *pro hac application pending*
SIDLEY AUSTIN LLP

David J. Jordan, Utah Bar #1751
David L Mortensen, Utah Bar #8242
STOEL RIVES LLP

Attorneys for Plaintiff
Securities Industry Association